IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALISA THOMPSON

Plaintiff,

CASE NO: 8:19 cv 642 T 35 spf

Vs

BAYCARE HEALTH SYSTEMS

Defendant(s).
_____/

## ORIGNAL COMPLAINT

COMES NOW, the Plaintiff, ALISA THOMPSON (Plaintiff), pro se, and files this original complaint against BAYCARE HEALTH SYSTEMS ("the Defendant") and alleges:

### A. Jurisdictional Statement

1. The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. That the federal question involved in this case arises under Title VII of the 1964 Civil Rights Act and 42 U.S.C. § 1981 ("Equal Rights Under Law").

3. That the Plaintiff is a resident of Winter Have, Florida. She is black/African American.

4. That the Defendant is a private company with its principal operation in Winter, Florida.

5. The Plaintiff filed a charge of discrimination before the United States Equal Employment Opportunity Commission (EEOC) against the Defendant. The EEOC issued a notice of Suit Rights on December 17, 2018, and the Plaintiff received his certified copy of the said Notice of Suit Rights on December 22, 2018. **Exhibit A.**

6. The legal theories under Title VII of the 1964 Civil Rights Act, upon which this lawsuit is premised, is (a) hostile working environment or racial discrimination with regards to terms, conditions, and privileges of employment; and (b) retaliation.

7. The legal theories under 42 U.S.C. Section 1981, upon which this lawsuit is premised, is (a) hostile working environment or racial discrimination with regards to terms, conditions, and privileges of employment; and (b) retaliation.

## STATEMENT OF FACTS

### Introduction

8. I have worked for Winter Haven Hospital since before it was BayCare until they took over in approximately 2014. I have been employed at BayCare since 10/2006 as a Case Management Assistant since 05/2017 until I was wrongfully terminated on 2/25/2019.

9. On 09/15/2018 I filed an EEOC Claim on against BayCare for Discrimination and the case was closed with the EEOC on 12/12/2018. The discrimination occurred 07/13/2018 through 07/13/2018. 9/15/ 2018 when I filed my claim of discrimination it was in reference to my frustration of not getting numerous jobs.

10. On 12/17/2018 I received a <u>Closure Notice/NRTS</u> letter from the EEOC notifying me that they were unable to conclude that the information obtained establishes a violation of the statutes.

> *"In the claim I stated: My current position with the above employer is Case Manager Assistant. I have applied to several management positions and I have*

2

> *not been selected. Instead, my employer has selected younger- white candidates with less qualification. I believe I have been denied promotion due to my age (50), race (African American), color and sex (female), in violation of Title VII of the Civil Rights Act of 1964 and the the Age Discrimination in Employment Act of 1967, as amended (ADEA)."*

11. I have served with BayCare Medical Group as a Medical Care Coordinator. During my tenor I applied for several Site Manager positions all positions were for Primary Care. From the time period of approximately 2014 upon receiving my Bachelors Degree and continuing in 2017 after receiving my Dual Masters Degree.

12. All positions were Primary Care and I received only approximately two (2) interviews, and/or were not considered for any of the jobs. Despite having three (3) Degrees, MA Degree in Human Resource and Management and Leadership, BA Degree in Health Care Management and AA Degree in Business Administration and did not receive the jobs.

13. Despite meeting all the criteria for the job, including education, experience, longevity and qualifications. I was overlooked because BayCare went out of the State of Florida to search for someone to fill position. That was not the issue as much as the fact that this individual did not have near the qualifications that I did. This individual was a young white female, hired with only a Bachelors Degree, and she was not from Primary Care but a specialist from Gynecology.

14. Then I applied for other positions within BayCare outside the County of Polk, including Riverview, Brandon, Tampa, Lutz, Clearwater, Saint Petersburg, Wesley Chapel, and other positions open/available on the positions. I received Interviews for some jobs and others I did not.

15. There was no indication of why I was not chosen. I was never notified through email, text, phone call or via any other means of communication. I would find out by going to my

3

employee job page and see that I was not hired, selected, and/or interviewed for those positions. From 2014 to approximately 2017 after receiving my Dual Masters Degrees I applied for approximately 1000+ jobs inside BayCare and never received one of those jobs. I did receive two (2) phone interviews, one from Brandon and one from Winter Haven for Customer Experience Quality Improvement. These were jobs that were not currently in my field.

16. On 1/7/2019 I called out from work sick. I did not return until 1/8/2019. When I returned to work there was never any discussion or communication to me related to a write up and/or counseling. Furthermore how could I be counseled when I was not even present at work that day.

17. I was doing my daily work before I go out to visit the patients in their rooms. Before that I was in my office and Bill came in and asked can he speak with me in his office.

18. Upon entering in his office Supervisor Melissa Drawhorn was sitting in the office waiting for Bill to address me with the false accusations written on the Termination Affidavit. Bill stated an Audit was done on 2/19/2019 that showed that patient information and signatures was falsified by being signed by me and DeVine Williams.

19. And that was not policy per BayCare. With that being said until further ongoing investigations I will have to suspend you with pay, take your badge and escort you out of the building.

20. I stated to Bill that I did not falsify any patient signatures, and that I understood that he has to do your investigation. But I want to understand that I will be paid for this investigation and how long will it be before were notified of the results. Bill stated hopefully not long Melissa or I will contact either you or DeVine upon the results of the investigation. I was suspended on 2/20/2019 with pay per Manager Bill Gross. Then I was called 2/22/2019 by Bill Gross to meet

with him and TR Manager Tina Howard Monday, 2/25/2019 at 9:30am based on the results of the investigation completion on when I was suspended on 2/20/2019. I was told then I was terminated.

21. During that meeting I refused to sign the Termination Affidavit because allegations on the form were false. TR Manager Tina Howard stated since I refused to sign, she wrote in Section III of the counseling form *Team Member refused to sign 2/25/2019 Date and time.* She that she and Bill would sign and all other signatures that would be needed would be added to the document.

22. Now after reading over the documents again, Mr. Bill Gross lied on the BayCare Counseling Form dated 2/22/2019 which ended up being my termination instead of counseling on 2/25/2019. This BayCare Counseling Form states in the first Section Type of Action. The choices were (1) Written Counseling, (2) Written Warning, (3) Final Written Warning and (4) Termination. I never received any of the steps not even Counseling – ever -- written or otherwise. I was just wrongfully terminated on that day without regards to any following of the protocol of Type of Actions taken.

23. I then gathered my stuff together I had that morning and Bill escorted me out the south entrance of the hospital. I felt hurt, pained, disgusted and thoroughly embarrassed. I felt like I was a common criminal and was being treated wrong in front of other employees/co-workers. Taking my badge to me meant I was already fired that day. When I went home to go online to go into my BayCare Email I was already locked out.

24. I only got paid for one week of work. Even though I was out for PTO on 2/18 and 2/19 I was not paid for that time. And I was told by Bill that I was on paid suspension from 2/20 to

2/22/2019. Time went in on 2/23 I was paid on 2/28 I was only paid for the one week. Never received my PTO or paid suspension time either.

## COUNT I. Racial Discrimination- Hiring/ Job Selection

### (Title VII of the 1964 Civil Rights Act)

25. The Plaintiff hereby re-alleges and re-states averments 1 through 24, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

26. The Defendant subjected the Plaintiff to a racially discriminatory working environment with respect to selection for positions within the company.

27. The nature of this discrimination was based upon race.

28. The Defendant had a duty to take appropriate steps to investigate the said racial discrimination, correct the deficiencies, and to promote or place the Plaintiff into one of the positions for which she applied and was qualified for. However, the Defendant breached this duty of care, thus resulting in grave harm to the Plaintiff.

29. WHEREFORE, the Plaintiff demands:

    A. Trial by Jury.

    B. Judgment against the Defendants for compensatory and punitive damages.

    C. Affirmative Action, as deemed appropriate by the Court.

    D. Injunctive Relief, as deemed appropriate by the Court.

    E. Attorney's fees and costs.

    F. For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT III. Retaliation (Title VII of the 1964 Civil Rights Act)

30. The Plaintiff hereby re-alleges and re-states averments 1 through 29, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

31. Plaintiff complained of racial harassment and thus she engaged in oppositional protected activity pursuant to Title VII of the 1964 Civil Rights Act.

32. The Defendant terminated the Plaintiff because she complained of the said harassment or racial discrimination.

33. There is a causal connection between the Plaintiff's protected activity and the Defendant's adverse employment action (i.e., termination) which it committed against the Plaintiff.

34. WHEREFORE, the Plaintiff demands:

    A. Trial by Jury.

    B. Judgment against the Defendants for compensatory and punitive damages.

    C. Affirmative Action, as deemed appropriate by the Court.

    D. Injunctive Relief, as deemed appropriate by the Court.

    E. Attorney's fees and costs.

    F. For whatever additional relief as is deemed just and appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

*/s/ Alisa Thompson*
**Alisa Thompson**
*Pro Se*
P. O. Box 10221

Winter Haven, Florida 33885

FBN: 0072620
The Cochran Firm—Tampa, LLC
400 N. Ashley Drive
26th Floor
Tampa, Florida 33602
(813) 223-1200
(813) 223-4221 facsimile
rford@cochranfirm.com